UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
SANFORD WILLIAMS, JR.,     :
                                                        :   Civ. No. 14-8061 (RBK) (AMD)
                 Plaintiff,     :
                                                        :   **OPINION**
      v.                               :
                                                        :
ROSSNER GAVIN,             :
                                                        :
                 Defendant.      :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

        Plaintiff is currently incarcerated at the Essex County Jail in Newark, New Jersey.  He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915.  *See* L.Civ.R. 5.1(f).  The filing fee for a civil complaint is $400.00 ($350.00 if the plaintiff is proceeding *in forma pauperis*).  While the Clerk has received the complaint, the complaint has not been filed as plaintiff has not paid the filing fee nor has plaintiff been granted *in forma pauperis* status.

        A prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1).  The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint.  *See id.* § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined.  *See id.*; *see also* L.Civ.R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is

1

unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

Plaintiff's application to proceed *in forma pauperis* is incomplete as it does not include a certified prisoner account statement. Typically, at this time, the Court would give petitioner the opportunity to submit a complete application to proceed *in forma pauperis*. However, for the reasons that follow, plaintiff shall not be given an opportunity to submit another application to proceed *in forma pauperis* in this case.

The Prison Litigation Reform Act ("PLRA") prohibits a prisoner from bringing a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Thus, under the statute, if a prisoner has three or more dismissals under 28 U.S.C. § 1915(e), he cannot proceed unless he is in imminent dangers of serious physical injury at the time he files the complaint. *See Goodson v. Kardashian*, 413 F. App'x 417, 419 n.2 (3d Cir. 2011) (per curiam) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)).

Plaintiff has filed at least three earlier actions in this District which were dismissed as frivolous or for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Williams v. Hebbon*, No. 09-2103, 2012 WL 1033357 (D.N.J. Mar. 27, 2012); *Williams v. May*, No. 09-6439, 2010 WL 398643 (D.N.J. Jan. 27, 2010); *Williams v. Goins*, No. 00-6139; *Williams v. Connellan*, No. 99-4062. Accordingly, plaintiff is a litigant with three strikes under § 1915(g).

Thus, he is precluded from proceeding *in forma pauperis* in this case unless he alleges facts to show that he is in imminent danger of serious physical injury which would excuse him from § 1915(g).

The complaint in this case does not allege that plaintiff is in imminent danger of serious physical injury. Instead, the complaint alleges facts arising from the circumstances of his arrest on February 26, 2014 which include claims of excessive force, being deliberately indifferent to his serious medical needs at the time of his arrest and false imprisonment. Consequently, because the complaint does not contain sufficient allegations suggesting that plaintiff is in imminent danger of serious physical injury, he is not excused from the § 1915(g) restrictions. Thus, plaintiff shall not be permitted to proceed *in forma pauperis*.

As plaintiff's application to proceed *in forma pauperis* will be denied, the Clerk will be ordered to administratively terminate this case. However, plaintiff shall be given an opportunity reopen this action by paying the $400.00 filing fee within thirty days.


DATED   January 26, 2015

                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge