UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
SANFORD WILLIAMS, Jr.,                          :
                                                 :
         Plaintiff,                              :     Civ. No. 14-8061 (RBK) (AMD)
                                                 :
    v.                                           :     **OPINION**
                                                 :
ROSSNER GAVIN,                                   :
                                                 :
         Defendant.                              :
_____     :

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Plaintiff is a state prisoner proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. On February 2, 2015, the Court denied plaintiff's application to proceed *in forma pauperis* as he had filed at least three earlier actions in this District which were dismissed as frivolous or for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), and he had failed to allege that he was in danger of serious physical injury. *See* 28 U.S.C. § 1915(g) ("[I]f the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical liability.").) Plaintiff was given thirty days in which to seek to reopen this action by paying the $400.00 filing fee.

On February 20, 2015, plaintiff submitted a letter which the Court construes as a request for reconsideration of the Court's February 2, 2015 Opinion and Order denying plaintiff's application to proceed *in forma pauperis*. Thus, the Clerk will be ordered to reopen this case so

1

that the Court can rule on this request for reconsideration. For the following reasons, the request for reconsideration will be denied.

## II.  BACKGROUND

Plaintiff filed this *pro se* civil rights action in December, 2014. The complaint alleged facts arising from his arrest on February 26, 2014. The claims included allegations of excessive force and being deliberately indifferent to his serious medical needs at the time of his arrest and false imprisonment. Plaintiff filed an application to proceed *in forma pauperis*.

The Court denied plaintiff's application to proceed *in forma pauperis*. It was noted that plaintiff had filed at least three earlier actions in this District which were dismissed as frivolous or for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Williams v. Hebbon*, No. 09-2103, 2012 WL 1033357 (D.N.J. Mar. 27, 2012); *Williams v. May*, No. 09-6439, 2010 WL 398643 (D.N.J. Jan. 28, 2010); *Williams v. Goins*, No. 00-6139; *Williams v. Connellan*, No. 99-4062.

On February 20, 2015, the Court received a letter from plaintiff that is construed as a request for reconsideration. Plaintiff asks that the Court review the February 2, 2015 Opinion and Order that denied his application to proceed *in forma pauperis* because he had three "strikes." More specifically, plaintiff argues that the *May* case was dismissed because of his inability to present his case, not due to a failure of plaintiff to state a claim. Furthermore, plaintiff alleges that the *Goins* and *Connellan* matters were amended into one case. Thus, plaintiff states that he does not have three "strikes" under 28 U.S.C. § 1915(e)(2)(B).

### III.  DISCUSSION

A. Legal Standard for Motion for Reconsideration

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court of matters which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

B. Analysis

Plaintiff's request for reconsideration will be denied. As the Court noted in its prior Opinion, plaintiff has had at least three other actions in this District which were dismissed as frivolous or failed to state a claim upon which relief could be granted. Plaintiff's assertions in his letter are plainly incorrect based on the record.

In *Hebbron*, Judge Thompson initially dismissed most of plaintiff's complaint with prejudice for failure to state a claim with the exception of a Fourth Amendment search and seizure claim related to the search of plaintiff's automobile. *See* 2012 WL 1033357, at *2.

Judge Thompson gave plaintiff one more opportunity to file an amended complaint on that Fourth Amendment claim only. *See id.* Plaintiff subsequently sought to amend his complaint as to this Fourth Amendment claim. *See id.* Nevertheless, Judge Thompson found that he failed to state a claim with respect to that proposed amendment. *See id.* at *4 ("For all of these reasons, Plaintiff *fails to state a claim* for violation of his Fourth Amendment rights based upon the impoundment of his automobile in connection with his arrest. To the extent they seek leave to amend Plaintiff's complaint to assert such a claim, the Motions will be denied.") (emphasis added). Thus, this Court properly found that this constituted a "strike" under § 1915(g) as the motion to amend was explicitly denied for failure to state a claim as was plaintiff's previous claims. *See Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013) ("[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, included (but not necessarily limited to) 28 U.S.C. § 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii) or Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

In *May*, the Court also expressly dismissed the complaint for failing to state a claim. *See* 2010 WL 398643, at *8 ("For the reasons set forth above, the Complaint will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. [¶] It does not appear that Plaintiff could cure the deficiencies noted in this Opinion. Accordingly, he will not be granted leave to amend."). Thus, this Court properly construed this dismissal as a "strike" because the Court explicitly dismissed the complaint for failure to state a claim upon which relief could be granted. *See Byrd*, 715 F.3d at 126.

Finally, Judge Debevoise explicitly dismissed the complaint in *Connellan* as frivolous. (*See* Civ. No. 99-4062, Dkt. No. 2 at p. 9 ("For the foregoing reasons, the Court concludes that the complaint should be dismissed as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1)."). Thus, this case was also properly considered a "strike" as Judge Debevoise explicitly held that the complaint was dismissed as frivolous. *See Byrd*, 715 F.3d at 126.[1]

In light of the fact that plaintiff has had at least three "strikes," the Court properly denied plaintiff's application to proceed *in forma pauperis* as he failed to allege facts showing that he was in imminent dangers of serious physical injury which would have excused him from § 1915(g). Accordingly, the request for reconsideration will be denied as plaintiff does not show: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café*, 176 F.3d at 677.

### IV.   CONCLUSION

For the foregoing reasons, plaintiff's request for reconsideration will be denied. An appropriate order will be entered.


DATED:   March 25, 2015

                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge

---

[1] It is also worth noting that the docket reflects that *Williams v. Goins*, No. 00-6139, was dismissed for failure to state a claim upon which relief may be granted. Plaintiff's letter seeking consideration comes forward with no evidence to indicate that the docket entry in *Goins* is incorrect.